UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GEORGE GRESHAM, JR.,

                       Plaintiff,

           -against-

NEGUN MAXIMOSS ROMANI,

                       Defendant.
-----------------------------------------------------------------X

**ORDER**

**21-CV-3912 (JW)**

**JENNIFER E. WILLIS, UNITED STATES MAGISTRATE JUDGE:**

After months with no activity, the Court asked the Parties to provide a status update in this case. Dkt. No. 42. In March, the Parties advised the Court that Plaintiff's position was that discovery is complete and that the Defendant's position was that changed circumstances warranted depositions of Plaintiff's general practitioner and Dr. DeMaura, owner of the New York Spine Institute, as well as second depositions of Plaintiff and Plaintiff's orthopedic surgeon.  Dkt. No. 43. A discovery conference was held on May 7th. Dkt. No. 46. Following that conference, the Parties were granted the opportunity to submit letter motions expanding on their positions. Dkt. No. 45. Defendant filed a letter, but Plaintiff did not. Dkt. No. 49.

The Court rules that the change in circumstances with respect to the surgery warrants short second depositions of the Plaintiff and of the Plaintiff's orthopedic surgeon. The Court denies Defendant's request to depose Plaintiff's general practitioner without prejudice. Defendants may renew their request for a deposition should it remain necessary following the deposition of Plaintiff's orthopedic surgeon. Finally, the Court denies Defendant's request to depose Dr. DeMaura with prejudice.

## BACKGROUND

Plaintiff brings this action to recover monetary damages for personal injuries allegedly suffered by the Plaintiff as the result of a motor vehicle accident. Dkt. No. 1-1. The Plaintiff claims that he suffered very serious and permanent injuries to the supporting structures of his cervical spine. Dkt. No. 43. Important to the discovery issues here, is Plaintiff's claim that he needs to have surgery. Id. Plaintiff claims that although he has been advised that he needs to undergo surgical intervention, he has not been medically cleared to undergo these surgeries due to high blood pressure. Dkt. No. 43.

First, Defendants assert that at the time of Plaintiff's initial deposition, surgery was a "possibility" but that subsequent to the deposition, the surgery was "scheduled". Dkt. No. 47 at 8-9. Defendants claim they are entitled to depose Plaintiff and his doctors on why circumstances changed. Id. at 9.

Second, Plaintiff now says that he cannot "pass the clearance due to other medical conditions." Dkt. No. 47 at 4. Defendants assert they are entitled to see "what actually led to him not being able to undergo the surgery." Dkt. No. 47 at 9.

Third, Defendant argues that there is a need to depose Plaintiff since there are questions regarding "his inability to go forward with the surgery, what could he have done to change his condition, if anything, to be able to undergo the surgery?" Id. at 11.

Fourth, Defendant seeks to depose Plaintiff's general practitioner "with respect to whether or not he could go forward with the surgery," since "that doctor has a

certain actual involvement or knowledge about what Plaintiff's condition was…" Dkt. No. 47 at 21.

Finally, Defendants argue that they should be permitted to depose Dr. DeMaura, the owner of the NY Spine Institute, to investigate "the real incentive structure" and the "Institute's policies and associated incentives for physicians to recommend and schedule surgeries." Dkt. No. 43 at 2; DKt. No. 47 at 23 (cleaned up).

## LEGAL STANDARD

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery "that is relevant to any party's claim or defense" and that "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Howard v. City of New York, No. No. 12-cv-933 (JMF), 2013 WL 174210, at *1 (S.D.N.Y., 2013); Fed. R. Civ. P. Rule 26(b)(1). The Court has "discretion to make a determination which is fair and equitable under all the relevant circumstances." See United States v. Prevezon Holdings, Ltd., 320 F.R.D. 112, 114 (S.D.N.Y., 2017).

If a party seeks a second deposition of a witness, Rule 26(b)(2) sets out three factors that the Court must consider in exercising its discretion: "(1) whether the second deposition of the witness would be unnecessarily cumulative; (2) whether the party requesting the deposition has had other opportunities to obtain the same information; and (3) whether the burden of a second deposition outweighs its potential benefit." Cedars-Sinai Medical Center v. Ray, 2019 WL 2420045, at *3 (S.D.N.Y., 2019).

The party "opposing the second deposition bears the burden of showing that granting the motion would run afoul of Rules 26(b)(1) and (2)." Cedars, 2019 WL 2420045, at *3  (citing Judicial Watch, Inc. v. United States DOC, 34 F. Supp. 2d 47, 54 (D.D.C. 1998).

## DISCUSSION

To begin, the Court agrees with the Defendants that the medical conditions that led to Plaintiff being unable to undergo the surgery are relevant to both Plaintiff's claim for damages and Defendant's defenses that Plaintiff's injuries were not caused by the accident. The deposition testimony of Plaintiff and his orthopedic surgeon is also relevant to whether Plaintiff failed to mitigate his damages by not taking actions that could have remedied his underlying conditions and permitted him to have the surgery.

Thus, the Court finds that circumstances clearly changed from the time the surgery was a mere "possibility," to the time the surgery was "scheduled," to the point where it is now "postponed indefinitely."  Dkt. No. 47 at 9; Dkt. No. 49.

This change in circumstances means that a second deposition of the Plaintiff and of Plaintiff's orthopedic surgeon would not be "unnecessarily cumulative." Cedars, 2019 WL 2420045, at *3. Similarly, Defendants have not had "other opportunities to obtain the same information," since the determination to schedule the surgery and then to postpone the surgery, all occurred after the initial

depositions. <u>Id.</u> Finally, the Court finds that the "burden of a second deposition" for both the Plaintiff and his orthopedic surgeon does not "outweigh its potential benefit." <u>Id.</u>

Therefore, **by July 22nd**, the Parties shall file a letter proposing a schedule for completing the depositions of Plaintiff and his orthopedic surgeon. **Neither deposition shall exceed three hours**.

However, the Court determines that a deposition of Plaintiff's general practitioner is not required at this time. If following the deposition of Plaintiff and his orthopedic surgeon, Defendant feels a deposition of the general practitioner is necessary, they may seek leave of the Court to do so. The Court will consider the issue further then. Thus, the request to depose the general practitioner is denied without prejudice.

Finally, the Court agrees with the Plaintiff that the proposed deposition of Dr. DeMaura is a "fishing expedition." Dkt. No. 47 at 25. Investigating the exact incentive structure is a fruitless effort to prove what we know already: that Dr. Roberts has a financial incentive to do surgeries. All surgeons have a financial incentive to do surgeries. **Thus, the request to depose Dr. DeMaura is denied with prejudice.**

The Parties are encouraged to develop a schedule for completing discovery and briefing summary judgment motions **by the end of August.**

**The Clerk of the Court is respectfully requested to close Dkt. No. 49.**

SO ORDERED.

Dated:  New York, New York
      July 16, 2024

_____
JENNIFER E. WILLIS
United States Magistrate Judge

6